UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHARON GREENROD, *et al.*, | ) Case No. 1:24-cv-00830 |
| Plaintiffs, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge Reuben J. Sheperd |
| MASCARO CONSTRUCTION COMPANY, L.P., | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiffs Sharon Greenrod and Scott Dove filed this lawsuit against Defendant Mascaro Construction Company, L.P. claiming discrimination, retaliation, as well as failure to train, retain, and supervise. (ECF No. 1.) Mascaro Construction seeks: (1) severance of Ms. Greenrod's and Mr. Dove's claims—for the purposes of both discovery and trial—arguing that joint proceedings would be prejudicial, and (2) bifurcation of the trial on Plaintiffs' claims for punitive damages. (ECF No. 10.) For reasons that follow, the Court **DENIES IN PART AND DENIES WITHOUT PREJUDICE** Defendant's motion to sever and bifurcate, finding the motion premature.

**STATEMENT OF FACTS**

Both Ms. Greenrod and Mr. Dove previously worked at Mascaro Construction. (ECF No. 1, ¶¶ 1–2, Page ID #1; ECF No. 6, ¶¶ 1–2, PageID #27; ECF No. 7, ¶¶ 1–2, PageID #35.) Ms. Greenrod, employed as an operating engineer, alleges that she

1

experienced discrimination in the workplace in the form of constant negative and derogatory comments about female drivers, including claims that her driving abilities were questioned based on her sex, and that a male co-worker stated that she would be a "good girlfriend" for him. (ECF No. 1, ¶¶ 1, 8, 20–29, Page ID #1 & #3–4; ECF No. 7, ¶ 1, PageID #35.)  Mr. Dove, employed as a crane operator, alleges that he experienced race discrimination, pointing to the other employees' frequent use of racial slurs, the circulation of offensive images, the refusal of transportation assistance, and the company setting him up for safety failures. (ECF No. 1, ¶¶ 2, 9 & 41–50, PageID #2 & #5; ECF No. 6, ¶ 2, PageID #27.)  Further, Plaintiffs allege that their "union investigated the complaints of use of the 'n' word and of the watermelon pictures and found substantiated evidence that such hostile conduct existed at the jobsite," which Mascaro Construction denies. (ECF No. 1, ¶ 12, PageID #2; ECF No. 6, ¶ 12, PageID #28; ECF No. 7, ¶ 12, PageID #36.)

In August 2022, Mascaro Construction terminated Ms. Greenrod (ECF No. 1, ¶ 6, PageID #1; ECF No. 7, ¶ 6, PageID #35–36), and Mr. Dove claims that he was constructively discharged a few days later (ECF No. 1, ¶ 7, PageID #1).  Mr. Dove alleges that he felt compelled to resign, believing he was being set up to fail due to his race. (*Id.*, ¶ 11, PageID #2.)  Ms. Greenrod claims that, before her termination, she complained about both sexual and racial hostility in the workplace, and that her termination came in retaliation for this complaint. (*Id.*, ¶¶ 10, 30–40, PageID #2 & #4.)  Significantly, the complaint alleges facts common to each Plaintiff's claim. (*Id.*, ¶¶ 9–11, PageID #2.)  For example, Plaintiffs allege that Ms. Greenrod complained of

the same racially hostile work environment that Mr. Dove claims later led to the end his employment with Mascaro Construction. (*Id.*)

## STATEMENT OF THE CASE

On May 8, 2024, Plaintiffs filed a single lawsuit against Mascaro Construction claiming sex and race discrimination, retaliation, as well as negligent training, retention, and supervision. (*See* ECF No. 1.) Specifically, Ms. Greenrod alleges: (1) sex discrimination and a hostile work environment based on a race and sex in violation of Sections 4112.02 of the Ohio Revised Code and Title VII of the Civil Rights Act of 1964 (Count 1); and (2) retaliation in violation of Sections 4112.02 and Title VII (Count II). (*Id.*, ¶¶ 20–40, PageID #3–4.) Mr. Dove alleges: (1) race discrimination and a hostile work environment in violation of Section 4112.02 and Title VII (Count III). (*Id.*, ¶¶ 41–50, PageID #5.) In Count IV, both Plaintiffs allege negligent training, retention, and supervision. (*Id.*, ¶¶ 51–61; PageID #5–6.) In addition to other relief, Plaintiffs seek punitive damages. (*Id.*, PageID #6.)

In its answer, Defendant alleges that Ms. Greenrod was laid off due to performance deficiencies (ECF No. 6, ¶ 5, PageID #25) and denies that she was "subjected to a sexually and racially hostile work environment" (ECF No. 7, ¶ 24, PageID #37). Defendant denies Mr. Dove's allegations. (ECF No. 6, ¶¶ 42–61, PageID #30–31.)

Defendant promptly moved to sever and bifurcate—seeking to sever Plaintiffs' claims for the purposes of discovery and trial and to bifurcate the punitive damages portion of trial. (ECF No. 10.)

3

**MOTION TO SEVER AND BIFURCATE**

Rule 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). "As the Sixth Circuit has stated, 'the principal purpose of Rule 42(b) is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties.'" *Chemical Solvents, Inc. v. Greenwich Ins. Co.*, No. 1:19-cv-525, 2019 WL 9958913, at *2 (N.D. Ohio Dec. 6, 2019) (cleaned up) (quoting *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1998)). This determination requires the Court to consider "(1) the convenience to the parties and court, (2) the potential prejudice to the parties, and (3) judicial economy." *Id.* (citing *In re Bendectin*, 857 F.2d at 307). The district court's analysis requires a "case-by-case approach" considering "the facts of each individual case." *Id.* (citation omitted).

In support of severing, Defendant contends that allowing Ms. Greenrod to tie her sex discrimination claim to Mr. Dove's voluntary departure—allegedly due to race discrimination—would prejudice it. (ECF No. 10-1, PageID #60.) In response, Plaintiffs contend that the cases should be tried together to promote judicial economy and efficiency, in part because many of the witnesses are relevant to both cases and each Plaintiff plans to testify for the other. (ECF No. 11, PageID #66.) At this early stage of the litigation, it is too early to say whether Plaintiffs' claims should remain joined for trial. Discovery might or might not ultimately support having a single trial

4

or having two separate trials. Until the parties develop that record, the Court simply cannot know.

In support of bifurcating punitive damages at trial, Defendant relies on Section 2315.21(B)(1) of the Ohio Revised Code and Rule 42. Again, however, it is premature to decide this issue. At this early stage of the proceedings, it is not clear that Plaintiffs will be able to develop evidence supporting submission of punitive damages to a jury (or to two juries if their cases are tried separately). The Court declines to wade into such matters unless necessary or to issue an advisory opinion on the issue.

As for bifurcating or severing discovery, Defendant's motion makes clear that it seeks severance and bifurcation for purposes of both discovery and trial. (*See, e.g.*, ECF No. 10-1, PageID #63; ECF No. 12, PageID #77.) But it develops no argument in favor of separating Plaintiffs' individual claims for discovery or for bifurcating discovery on punitive damages. This failure forfeits the argument. In any event, it is difficult to see any purpose in separating discovery regarding the claims of Ms. Greenrod and Mr. Dove. They are represented by the same counsel, worked at Mascaro Construction at the same time, and bring claims that will require similar discovery of the company's practices, policies, and procedures. The Court seriously doubts that Defendant wants to do this discovery twice by, for example, having its witnesses sit for two depositions. If the motion seeks bifurcation of discovery relating to punitive damages, Defendant makes no argument for deferring this discovery to a later point in the life of the case. Therefore, the Court **DENIES** Defendant's motion to the extent it relates to discovery.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to sever and bifurcate discovery and **DENIES WITHOUT PREJUDICE** the balance of the motion. For now, the case will proceed jointly on the same discovery track.

**SO ORDERED.**

Dated: November 5, 2024

                                      J. Philip Calabrese
                                      United States District Judge
                                      Northern District of Ohio